| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>In Re:<br><br>  41-23 HAIGHT REALTY INC.,<br> a/k/a 41-23 HAIGHT STREET REALTY, INC.,<br><br>                Debtor. | Case No 19-43441-nhl<br><br>Chapter 11 |
| The Official Committee Of Unsecured Creditors Of 41-23 Haight Realty Inc., a/k/a 41-23 Haight Street Realty, Inc.,<br>                Plaintiff,<br>   v.<br><br>K & J Lift, Inc.,<br><br>               Defendants. | Adv. Pro. No. 21-01125 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**K & J LIFT, INC.'S MOTION TO ALLOW K & J LIFT, INC. TO FILE**
**AN ANSWER AND FOR RELATED RELIEF**

    K & J Lift, Inc ("K & J"), the defendant in this adversary proceeding, submits this memorandum of law in support of its motion seeking the entry of an order allowing K & J to file an answer to the complaint of The Official Committee Of Unsecured Creditors Of 41-23 Haight Realty Inc., a/k/a 41-23 Haight Street Realty, Inc. (the "Plaintiff") under F.R.Bankr.P. 9006(b), F.R.Civ.P. 55(c) and F.R.Bankr.P. 7055, and granting related relief.

    K & J incorporates by reference the certification of Howard Ng and the certification of Jonathan Bodner submitted herewith as if set forth at length herein.

    F.R.Bankr.P. 9006(b) states: ". . . the court for cause shown may at any time in its discretion . . . (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

1

In *In re Carlton*, 72 B.R. 543, 546 (Bankr. E.D.N.Y. 1987) the Honorable Conrad B. Duberstein stated that:

> The standard of "excusable neglect" is a flexible one which is subject to interpretation by the trier of fact in each particular instance. Excusable neglect has been construed to mean "the failure to timely perform a duty due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Beneficial Finance Co. v. Manning, 4 B.C.D. 304, 305 (D. Conn. 1978). See also Matter of Jose Arosemena, 65 Bankr. 246, 14 B.C.D. 1377, 1379 (Bkrtcy. M.D. Fla. 1986)*; *Matter of Heyward, 15 B.R. 629, 635 (Bkrtcy. E.D.N.Y. 1981)*; *In re Breining, 8 B.R. 17, 21 (Bkrtcy. S.D.N.Y. 1980)*.

For the reasons set forth in the certification of Howard Ng, the time for K & J to submit an answer to the complaint should be extended under F.R.Bankr.P. 9006(b)(2).

Furthermore, *arguendo*, in the absence of excusable neglect, K & J should still be permitted to file an answer to the complaint and defend the claims against it on the merits now.

F.R.Civ.P. 55(c), made applicable to these proceedings under F.R.Banrk.P. 7055, states: "[t]he court may set aside an entry of default for good cause…."

As Judge Duberstein held *In re Carlton*, 72 B.R. at 547, where the Court enlarged the defendant's time to answer the complaint and denied plaintiff's motions to strike an untimely answer and for default judgment, notwithstanding the Court's ruling that the defendant failed to demonstrate excusable neglect:

> The entry of a default judgment is a harsh and drastic remedy. *In re Cantwell,* 17 B.R. 639, 641 (Bkrtcy. E.D. Pa. 1982). The great weight of authority states that courts do not favor judgments by default and prefer to decide cases on the merits. *Id.* As a general rule, the entry of a default judgment is discretionary with the judge. *In re Chandler,* 424 F. Supp. 142 (E.D. Mo. 1975). Absent a clear pattern of delay and contumacious conduct by the defaulting party, courts will generally not grant a default judgment. *In re Cantwell, supra* at 641; *In re Garrett,* 3 B.R. 557, 558 (Bkrtcy. N.D. Ga. 1980).
>
> Another factor courts consider before entering a default judgment is whether the moving party has been prejudiced by the delay in filing a responsive pleading. *In re Allavena,* 18 B.R. 527 (Bkrtcy. E.D. Pa. 1982).

In *Golden & Mandel v. Angeli (In re Angeli)*, 216 B.R. 101, 106 (Bankr. E.D.N.Y. 1997), the Honorable Dorothy Eisenberg vacated the entry of default and granted leave to file an answer *nunc pro tunc* where (a) the defendant produced evidence of mental health issues and, therefore, the Court determined that the default was not willful, (b) the plaintiff did not claim or prove prejudice where, at most, the prejudice was the plaintiff's counsel's time as a result of the default, and (c) the matter had not been decided on the merits. In doing so, the Court held that:

> A Court may vacate a default for good cause pursuant to Fed. R. Civ. P. 55(c) as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7055. *In re Interco Systems, Inc.*, 185 B.R. 447 (Bankr. W.D.N.Y. 1995), *citing Meehan v. Snow*, 652 F.2d 274 (2d Cir. 1981), which determination is addressed to the sound discretion of the Court, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). In the Second Circuit, there is a strong preference for resolving disputes on the merits and, in evaluating the criteria to determine whether to vacate a default for good cause, doubts are to be resolved in favor of a trial on the merits. *Meehan*, 652 F.2d at 277. Under Fed. R. Civ. P. 55(c), the principal factors bearing on the appropriateness of relieving a party of a default are (i) whether the default was willful; (ii) whether setting it aside would prejudice the adversary; and (iii) whether a meritorious defense is presented. *Meehan*, 652 F.2d at 277.

*Id*. at 106.

For the reasons set forth the certification of Howard Ng, K & J's default was not willful.

The Plaintiff will not be prejudiced by extending K & J's time to file an answer to the complaint at this time. The initial pretrial conference has not been held and has been adjourned once to December 14, 2021. No scheduling order has been entered in this adversary proceeding and the relief requested by K & J should not impact any other deadline. Further, as of the date hereof, the Plaintiff has not filed a motion for default judgment against K & J.

For the reasons set forth in the certification of Howard Ng and the certification of Jonathan Bodner, K & J has not demonstrated a pattern of delay and contumacious conduct. To the contrary, at all times since early October 2021, K & J, by counsel, has been seeking to reach an agreeable form of stipulation extending time to answer the complaint without necessitating motion

practice. To the extent there has been any delay since K & J's counsel initially contacted the Plaintiff's counsel in early October 2021, it was not the fault of K & J.

Finally, the documents attached to the certification of Howard NG submitted herewith *clearly* demonstrate that K & J provided the contractually agreed services and value to the Debtor for the 2 checks it received and that are the subject of the Plaintiff's complaint, and that K & J has a meritorious defense for the full amount of the claims alleged. In fact, notwithstanding K & J providing its services to the Debtor, the Debtor did not pay at least $12,950 of the agreed contract amount to K & J and that amount remains long past-due and owing. As the Court stated in *Golden & Mandel v. Angeli (In re Angeli)*, 216 B.R. at 107, "[t]his Court . . . believes that the most significant factor to be evaluated in determining whether to exercise its discretion and vacate a default [under F.R.Civ.P. 55(c) and F.R.Bank.P. 7055] is whether the defendant has presented a meritorious defense." K & J has done so. In the event that the Plaintiff will not agree to voluntarily dismiss the complaint based upon the documents provided to the Plaintiff's counsel on November 4, 2021 and attached to the certification of Howard Ng submitted herewith, upon the motion being granted K & J would immediately file an answer to the complaint.

For the reasons set forth above and in the certifications of Howard Ng and Jonathan Bodner, K & J submits that under these circumstances, it would be a harsh and drastic remedy against the weight of authority for this case to proceed to a default judgment and an injustice if K & J is not permitted to defend on the merits at this juncture.

Wherefore, K & J requests that the Court grant its motion, allow it to file an answer, and grant such other relief as the Court deems just.

                                                  Respectfully submitted,

Dated: November 9, 2021              BODNER LAW PLLC

                                                  By: /s/ *Jonathan S. Bodner*
                                                  Jonathan S. Bodner, Esq.
                                                  55 Cherry Lane, Suite 101
                                                  Carle Place, New York 11514
                                                  (T) (516) 444-3923
                                                  jbodner@bodnerlawpllc.com

                                                  *Counsel to K & J Lift, Inc.*